## Case No. 6,490.

### HILL et al. v. The EMMA PETERSON.

[6 Pa. Law J. 80.]

Circuit Court, E. D. Pennsylvania.    Oct. Term, 1846.

PRACTICE—APPEALS—MODIFICATION OF DECREE.

Appeals from the district court to the circuit court on questions of mere fact, or depending on sound discretion, will be discouraged in the circuit court, unless in such cases where reason and sound policy require a modification of the decree of the court below.

[Appeal from the district court of the United States for the Eastern district of Pennsylvania.

[This was a libel by Hill and Wheelton against the schooner Emma Peterson, for salvage.]

GRIER, Circuit Justice. Before proceeding more particularly to notice the merits of this case, I would premise a few remarks indicative of the principles which will hereafter govern this court in cases of appeal from the district court. I am very unwilling to encourage such appeals, and more especially in questions of mere fact, or depending on sound discretion. It would lead to speculation on the temperaments and dispositions of the respective judges, and appeals would be taken on a mere calculation of chances. I have the greater confidence in the correctness of these views, as I find they coincide with those of the learned Judge Story on the same subject, as expressed by him [Rowe v. The Brig, Case No. 12,093], and which I will adopt in his own words: "Salvage," says he, "is principally said to rest in the discretion of the court. A discretion, however, which is not to be exercised at the mere arbitrary will of the judge, but as far as possible to be governed by principles of law and sound reason. I confess that I never feel more distressed than when I am called upon to exercise a general and unlimited discretion. In cases of this sort, it can hardly be presumed that different judges, even when possessing equally enlightened and sound judgments, would form precisely the same estimate; and yet it is very desirable to discourage appeals upon slight grounds, or with a view to take the chance of a different opinion. In deciding, therefore, upon the decrees of the district court in cases of salvage, my inquiry never has been so much whether their allowance was the same as I should originally have made, as whether, under the circumstances of the case, justice and sound policy clearly indicate a different measure; and distrusting my own judgment, I have, on all occasions, to apply the spirit of those decisions which a higher tribunal has recognized and enforced, and to follow in the path of authorities, rather than venture upon new and untried courses of my own." If this case, therefore, had been one in which the property libelled had clearly been shown to have been derelict and abandoned, I should have affirmed the decree of the district court, even though I had considered the salvage allowed either more or less than I would have originally decreed. But I am constrained to believe, after a careful examination of this case, that justice and sound policy require some modification of the decree of the district court.